HENRY L. YESLER *vs.* N. H. OGLESBEE.

HELD, that defendant by waiving service of the motion to perfect the transcript, without protestation, has entered general appearance.

The complaint alleged the making of a note, Sept., 1865, payable the day following; that the same had not been paid nor any part of it except a payment in September, 1871, and another, September, 1877.

HELD, there was no allegation of payment, and that *prima facie* the note was barred by the statute of limitations, and for that reason the complaint failed to state facts sufficient to constitute a cause of action.

Error to the Third Judicial District holding terms at Seattle.

*McNaught Bros.* for plaintiff in error.

*J. J. McGilvra* for defendant in error.

MOTION to dismiss.

Opinion by GREENE, Chief Justice.

It seems to me that the defendant, by waiving service of the motion to perfect the transcript in this cause, without any

accompanying protestation, that it was not his intention thereby to appear generally, has entered a general appearance.

The cause was a cause pending in this court from the date of perfecting the suit in error, and not from the day of filing a complete transcript; Section 461 of the Civil Practice Act fixes the date of perfecting the appellate proceeding.

From that date it was possible for the defendant in error to enter his appearance in the appellate court. This he would effectually do by filing, or causing to be filed, any paper in the cause, other than his brief unless he expressly disclaimed, at the time, his intent to enter an appearance.

The only reason why filing his brief, would not be an appearance is because the practice of this court has been settled otherwise.

The defendant, in my opinion, in giving the plaintiff a written waiver of service of the motion to perfect the transcript, authorized the plaintiff to file the waiver in this cause as a basis of urging the argument of the motion, without actual service of the motion, on the defendant, personally.

This, I regard, as an appearance generally.

Such an appearance, under former rulings of this court, precludes the defendant from moving now to dismiss.

The motion to dismiss should therefore be denied.

Concurrent opinion by Hoyt, Associate Justice.

I concur in the ruling that the motion must be denied, for the reasons given in the opinion of the Chief Justice, and for the further reason, that I am of the opinion that, under the rules of this court, the filing of a brief, in the cause, by the defendant in error, was an appearance therein, subject to the right to move to dismiss, as provided in rule 13 of this court, and that, as the motion was not made within the time provided in said rule, he is precluded, by the filing of his said brief, from making it at a later time.

Opinion by Wingard, Associate Justice.

I am of opinion that the filing of a brief has not, hereto-

fore, been held to be general appearance in a case, in this court, and to so hold, at this term, would be a surprise to the Bar, which would be harsh if not unjust.

The waiver of copy by Mr. McGilvra, attorney for defendant in error, of the motion by Mr. McNaught, attorney for plaintiff in error, for a rule upon the clerk, to certify up the original writ, I do not regard as general appearance, in the light of the history of this case.

I am satisfied that, so to hold, is, in effect, to entrap the attorney for defendant in error, against his intention. I do not mean that such was, in anywise, the object of the attorney for plaintiff in error.

At the time the aforesaid waiver was made, the law of the Territory was, that a writ of error was essential to jurisdiction.

Generally, and unattended by such circumstances as attended this case, I believe the waiver aforesaid would constitute a general appearance.

Opinion on case by WINGARD, Associate Justice.

This was a civil action brought by N. H. Oglesbee against Henry L. Yesler upon a promissory note, as follows:

"SEATTLE, Sept. 12, 1865.

"One day after date, for value received, I promise to pay N. H. Oglesbee or bearer, the sum of $1472.00 with interest at the rate of 1½ per cent. per month.

"(Signed,)        H. L. YESLER."

The plaintiff below alleges in his complaint " that the said defendant has not paid the said note or any part thereof except the sum of $74.21, on the 21st of Sept., 1871 and the sum of $20.00 on the 6th day of September, 1877, and the same remains due and unpaid," etc. The defendant below answered that the cause of action was barred by the statute of limitations.

A demurrer was filed to the answer and was sustained by the District court. From that decision the writ of error was taken. We are of opinion that the demurrer should have been overruled, for the reason that the complaint does not state facts

sufficient to sustain the action.   In other words there is no allegation in the complaint of any payments upon the note.   The note *prima facie* would be barred before the commencement of this action, to wit:   July 27, 1878.

The Judgment of the District court is reversed.